UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KARLEEN HOLLIS,

                Plaintiff,

v.                                                    Case No. 13-1083-JWL

ACOUSTIC SOUNDS, INC.

                Defendant.

# **ORDER**

The plaintiff, Karleen Hollis, brings this civil-rights action against her former employer, Acoustic Sounds, Inc., alleging that her supervisors sexually discriminated and retaliated against her.  Plaintiff has filed a motion seeking leave to amend her complaint to add a prayer for punitive damages **(doc. 19).**  Defendant opposes the motion, arguing that the proposed amendment should be denied on the grounds of prejudice and futility.  For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, hereby grants plaintiff's motion.

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) directs the court to "freely give leave when justice so requires."  Although the granting of a motion to amend is within the court's discretion, the United States Supreme Court has indicated that Rule 15's directive to freely give

leave is a "mandate … to be headed."[1]  "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[2]  Defendant argues that plaintiff's amendment for punitive damages at this stage would prejudice defendant and, in any event, that the proposed amendment would be futile.

I. **Prejudice.**

"Prejudice under Rule 15 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'"[3]  The party opposing the amendment of the pleadings has the burden of showing prejudice.[4]

On July 17, 2013, plaintiff filed a motion for leave to amend her complaint by the deadline set by the court.[5]  Defendant filed its notice of taking plaintiff's deposition and deposed plaintiff *after* the instant motion was filed.[6]  Defendant argues that allowing an amendment for punitive damages at this stage in the proceedings would prejudice it

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[2] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[3] *Little v. Reed-Prentice Div. of Package Mach. Co.*, 131 F.R.D. 591, 593 (D. Kan. 1990) (citing *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)).

[4] *Id.* (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

[5] *See* docs. 16 & 19.

[6] *See* docs. 24 & 25.

because a second deposition of plaintiff would be necessary to explore the facts surrounding her punitive damages claim. Plaintiff asserts that defendant already deposed her in great detail about every incident of sexual harassment and retaliation she has alleged.

Defendant had notice of plaintiff's intent to amend her complaint weeks before her scheduled deposition. In fact, defendant admits that at the time plaintiff filed her motion to amend, formal discovery had just begun. Therefore, defendant had ample notice and opportunity to ask plaintiff questions about her potential claim for punitive damages. Additionally, defendant failed to explain how its questions would differ in a subsequent deposition if a punitive damages claim is added. Finally, plaintiff's motion to amend is in compliance with the deadline set by this court in the scheduling order (doc. 16).

Defendant has failed to meet its burden to show it will be unduly prejudiced if plaintiff is allowed to add a claim for punitive damages. In consideration of the foregoing, the court will not deny plaintiff's motion on this first basis.

## II. Futility.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[7] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state

---

[7] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

O:\ORDERS\13-1083-JWL-19.docx

3

a claim.[8] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amendment as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff can prove no set of facts in support of her claims that would entitle her to relief.[9] "The party opposing the proposed amendment bears the burden of establishing its futility."[10]

Defendant argues that plaintiff's proposed addition of a punitive damages prayer for relief is futile because plaintiff did not allege additional facts in her proposed amended compliant which would support her claim for punitive damages. Defendant asserts that without supporting evidence, plaintiff's claim for punitive damages must fail. Plaintiff responds that she has met the pleading requirements to support a punitive damages claim by identifying specific instances of sexual harassment, the specific instances in which she complained, and defendant's specific responses.

The court cannot conclude that plaintiff's proposed prayer for punitive damages could not withstand a motion to dismiss. The issue of futility is more appropriately addressed at a later stage in the case by the presiding district court judge. Because plaintiff's amendments do not appear clearly frivolous, the court exercises its discretion and grants plaintiff leave to file the amended complaint attached to this motion.

---

[8] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[9] *See id.*; *see also Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir. 2009) (discussing motion to dismiss standard).

[10] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

To be clear, the undersigned is *not* ruling that these amendments will survive a later challenge under Rule 12(b)(6) or Rule 56. Rather, the undersigned is allowing the amendment. A comprehensive legal analysis and decision is deferred until a subsequent dispositive motion. That is a decision—that if such motion is filed by defendant—will be made by the presiding U.S. District Judge, John W. Lungstrum.

In consideration of the foregoing,

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the complaint **(doc. 19)** is granted. Plaintiff shall file her amended complaint by **September 9, 2013.**

Dated September 4, 2013, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U. S. Magistrate Judge